JOHN J. RYAN, PLAINTIFF IN ERROR, *v.* FIREMEN'S MUTUAL BENEVOLENT ASSOCIATION NO. 1, JERSEY CITY, DEFENDANT IN ERROR.

Submitted December 4, 1908—Decided February 23, 1909.

The right of a member of a beneficial organization to designate a beneficiary is limited to the class with whom the association may lawfully contract to pay benefits, and therefore the assignment by a member of a benefit payable on his death, to a person not within the class enumerated in the law under which the association was incorporated, is void, and cannot be enforced by the assignee.

On appeal from First District Court of Jersey City.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff in error, *Tumulty & Cutley*.

For the defendant in error, *Edwards & Smith*.

The opinion of the court was delivered by

BERGEN, J.   John Cassidy, in 1897, while a member of the Jersey City fire department, became a member of the defendant association, and by its constitution and by-laws the defendant agreed to pay, on his death, to his heirs, executors, administrators or assigns, or to whomsoever he might in his lifetime designate as his beneficiary, the sum of $300.   Cassidy, on April 15th, 1904, assigned and transferred "a certain benefit of three hundred ($300) dollars, which I hold as a member of the Fireman's Mutual Benefit Association, Branch No. 1, of the city of Jersey City," to the plaintiff, who is not related by blood or otherwise to Cassidy.   This suit was brought to enforce the payment of the benefit so assigned, which defendant refuses to pay because the plaintiff is not within the class of beneficiaries intended either by the constitution and by-laws of the association, or the law under which it is organized.   There was a judgment for defendant from which plaintiff appeals.

The defendant association was organized December 26th, 1895, under the act of 1875.   *Rev., p.* 79.   At that time, by an amendment to the original act, made in 1886 (*Gen. Stat., p.* 153), it was lawful for such associations to contract with their members to pay death benefits, and to agree to pay the same to husband, wife, father, mother, son, daughter, brother, sister or legal representative of any such member after his death.   This power to contract was held by Judge Depue, in *Stewart* v. *Odd Fellows,* 12 *N. J. L. J.* 110, to be limited to the persons enumerated, and that the power of a beneficiary to appoint was likewise limited.   The reasoning of Judge Depue is

convincing and sound and disposes of this case, for here the beneficiary undertook to assign his rights to a person not in the class permitted by the law. It is claimed, however, that *Pamph. L.* 1898, *p.* 165, empowers such associations to alter their by-laws and constitution so as to permit contracts with third persons. But the act does not do this in terms, and must be construed to limit the right to make such contract with those only who are named in the law under which this organization was incorporated. If it does not, then the association is no longer a charitable institution and could assume the functions of a life insurance company, which the law does not permit.

In 1898 (*Pamph. L., p.* 442) a general act for the incorporation of all associations, not for pecuniary purposes, was passed under which societies like the defendant may be organized, and in 1899 (*Pamph. L., p.* 189) a number of laws under which beneficial societies had organized were repealed, and among them was the law of 1875 and its supplements, but it was expressly provided that the rights and privileges theretofore obtained under any of said acts should not be annulled. The effect of this legislation was to require all new corporations of this class to avail themselves of the act of 1898, but permitted those in existence to exercise and enjoy the privileges granted by the repealed acts. There is nothing therefore in this new legislation which changes the powers of the defendant association. The act of 1904 (*Pamph. L., p.* 191) only extends to such existing corporations the right to dissolve.

The judgment below will be affirmed.