**SARVER et al. v. VAUGHN.** (No. 1605.)

(Court of Civil Appeals of Texas. El Paso.
March 27, 1924. Rehearing Denied
April 24, 1924.)

**1. Witnesses ⏝159(8)—In controversy between beneficiaries of insurance policy as to ownership of proceeds, conversation between plaintiff and insured held admissible.**

In action by original beneficiary of insurance policy, issued on the life of his wife, against subsequent beneficiaries to determine title to proceeds of policy, a statement of plaintiff beneficiary as to conversation between himself and wife as to taking out of policy was admissible; Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, excluding conversations with deceased parties, being inapplicable.

**2. Insurance ⏝784(3)—Provision relating to surrender of policy for cancellation in case of change of beneficiary held directory merely.**

Under the constitution and by-laws of a mutual insurance association, insured *held* not required, in order to effect change of beneficiaries, to deliver policy to secretary of association for cancellation; the provision relating thereto being merely directory and designed to protect association.

**3. Insurance ⏝780—Selection of beneficiary in mutual insurance association held to rest entirely with insured.**

Under by-laws of a mutual insurance association and benefit certificate issued thereunder, providing that member desiring to change a beneficiary might do so by delivering certificate to secretary and receiving new one, *held*, that certificate was entirely under control of member to whom granted, so far as selection of beneficiary was concerned.

**4. Insurance ⏝819(1)—Finding that insured made no request to change beneficiary held sustained by evidence.**

Where only evidence of purported change of beneficiaries in benefit certificate issued by a mutual insurance association was that of an order of insured purported to be sworn before notary public and signed by her, a denial of her signature thereto by original beneficiary, who was her husband and familiar with it, *held* sufficient to sustain finding that insured made no request to change beneficiary.

Appeal from District Court, Scurry County; W. P. Leslie, Judge.

Action by W. H. Vaughn against the E. K. Progressive Mutual Life & Accident Association, John Sarver, and others, and by agreement dismissed as to the association. Judgment for plaintiff, and defendants other than the association appeal. Affirmed.

W. H. Graham, of Dallas, for appellants.
Vickers & Campbell, of Lubbock, for appellee.

WALTHALL, J. This suit was brought by appellee, W. H. Vaughn, against the E. K.

Progressive Mutual Life & Accident Association, a Texas mutual insurance corporation, John Sarver, Mrs. Rosalie Karnes, and her husband Eugene Karnes, Mrs. Marie Lewis and her husband Layton Lewis, to recover $1,000 alleged to be due him as beneficiary on a policy of insurance, No. 1768, issued by the above-named association on the life of his wife, Mrs. Barbara Vaughn, and in which policy he (W. H. Vaughn) was named as beneficiary. The other named parties were made defendants in the suit, as claiming to be the beneficiaries in the policy by reason of an alleged change in the policy by Mrs. Barbara Vaughn, making them the beneficiaries in stead and in place of W. H. Vaughn, as in the original policy.

By agreement of all parties to the suit the association having admitted its liability on the policy and paid the $1,000 into the registry of the court, the association was dismissed and the contest on the trial was between the plaintiff Vaughn, on the one side, and the other named defendants, on the other side, for the money deposited.

Trial was before the court without a jury, resulting in a judgment in favor of the plaintiff Vaughn, and the named defendants, other than the association, prosecute this appeal.

The facts important to the decision here as pleaded, and as found by the trial court, are substantially as follows:

In March, 1921, W. H. Vaughn and Barbara Vaughn were husband and wife, and at that time each took out a policy of insurance in his and her name, in said association, each for $1,000, the numbers of the policies being, respectively, 1767 and 1768, the latter being the wife's policy, and the policy sued on. By mutual agreement between them the husband's policy made his wife the beneficiary and the wife's policy made her husband the beneficiary. At the time the policies were issued, it was mutually agreed between Vaughn and his wife, Barbara, that Vaughn was to pay the initial fees of $5 on each policy, and to pay all subsequent assessment fees and dues as might thereafter become due. Vaughn paid the initial fees and all other dues and assessments as they became due on each of the policies to the time of his wife's death, amounting in the aggregate on the two policies to the sum of $22.90.

In July, 1921, Mrs. Barbara Vaughn, being ill, went from the home in Hockley county to Dallas, where her children of a former marriage, and defendants herein, John Sarver, Mrs. Lewis, and Mrs. Karnes then lived, and before going to Dallas she delivered her original policy, No. 1768, to her husband, who kept the policy in his possession up to the time of the death of his wife, and then turned the policy over to the association with the proof of her death. Mrs. Barbara

Vaughn died in Dallas on April 13, 1922. The association, on April 17, 1922, issued a new policy or credit certificate in the exact terms of the original policy, with the same number 1768, with the same date as the original policy, but making defendants John Sarver, Mrs. Lewis, and Mrs. Karnes the new beneficiaries, the association's secretary indorsing across the top of the last issue or new policy the following: "Beneficiaries changed by request, 4/17/22, Geo. W. Brown, Ass't Secy." Under the by-laws of the association permission is granted the insured to change the beneficiary in the policy, a certificate to that effect being indorsed in blank on the back of each policy, to be used by the member, along with the return of the original benefit certificate. The certificate on the original policy was not made use of by Mrs. Barbara Vaughn, nor was the original policy returned for the change in the beneficiary. The change in the beneficiary and the issuance of a new benefit certificate were made by the association upon an order offered in evidence purporting to be signed by Mrs. Barbara Vaughn on April 11, 1922. The trial court found that he was "unable to find therefrom that said change in beneficiary was made upon an order duly authenticated or shown to be executed by said Barbara Vaughn, or by or under her authority." When the order upon which the new policy or certificate was offered in evidence, stating that she and her husband were not living together and expressing her wish for the association to change the beneficiary to her three children, naming them as above, and stating, "I have lost my original policy," and asking the association for a new policy, and to forward same to her, and signed by Barbara Vaughn, Vaughn testified that he was "very familiar with her signature," and in his judgment the signature to the order was not her signature. Vaughn's evidence as to his wife's signature was not contradicted, except that the order purported to be sworn to before a notary public and was signed by Barbara Vaughn. Nor was there any evidence offered other than the order itself and purporting to be sworn to before a notary public of Dallas county. Vaughn and wife were not divorced, and had not agreed to a separation.

## Opinion.

[1] None of the parties sustained such relation to the suit as to make available to appellants article 3690, Vernon's Sayles'-Texas Statutes, excluding the statement of Vaughn as to the conversation and agreement between himself and his wife in taking out the two policies of insurance. The evidence was clearly admissible. Vaughn had an insurable interest in his wife's life. Did Vaughn have such vested interest in the policy or certificate which the wife could

not change as to the beneficiary without his consent?

Article 21 of the constitution and by-laws of the association reads as follows:

"Any member desiring to change his or her beneficiary may be permitted to do so at any time, by delivering to the secretary of this association his or her original policy for cancellation and upon the payment of fifty (50) cents to the secretary shall receive a new policy of like kind and for like amount in lieu thereof, payable to such beneficiary as such person may designate."

[2] In this case the original policy was not returned for cancellation, nor was it canceled; it having been delivered by the wife to Vaughn, and kept by him. The provision for the delivery to the secretary of the original policy for cancellation, however, is merely directory; the object being to protect the association. Splawn v. Chew, 60 Tex. 532.

[3] The association did not issue policies of insurance as do ordinary insurance companies, but delivered to the insured a policy or benefit certificate, which, together with the positive regulation of the association, evidenced the contract between the member and the association so far as the insurance is concerned.

We construe the import of the by-law of the association as above to be to place the certificate entirely under the control of the member to whom the certificate is granted so far as the selection of beneficiary is concerned. She may at any time direct that the money shall be paid to persons different from the one named in the certificate, provided they may have an insurable interest in the insured; that is, beneficiaries under the statute. The rule as applied to associations such as the one in this case is different from an ordinary life insurance policy, where the beneficiary there named in the policy becomes the owner or has a vested interest the moment the policy is issued, and the person procuring the insurance cannot by any subsequent act of his, without consent of the beneficiary named, transfer to others the interest of the beneficiary there named. Splawn v. Chew, supra. But as to mutual benefit societies it is generally held that if there is nothing in the charter or by-laws of the organization, nor in the statutes restricting the appointment of the beneficiary, the member may designate whomsoever he pleases and no one can question the right. Green v. Grand U. S. Order of Odd Fellows, 106 Tex. 225, 163 S. W. 1071, and cases cited.

[4] But a most serious question of fact is presented: Is it sufficiently made to appear that Barbara Vaughn did not make a change of beneficiary in the original certificate? The trial court found that if she made a change it was upon the order shown in evidence purporting to be signed by her, but that he could not find that a change was

made of the beneficiary upon an order made by her, and entered judgment for appellee. The evidence of Vaughn denying the signature of Barbara Vaughn to the purported order is sufficient to sustain the trial court's finding. While the finding is negatively stated, it is to the effect that no order changing the beneficiary had been signed by her, and is sufficient to discharge the burden of showing that Barbara Vaughn had made no request to change the beneficiary, and sustain the judgment entered on the finding.

If Barbara Vaughn did not sign the purported order, no other judgment could properly have been entered. No request for a change of beneficiary is suggested in the pleading or evidence other than the written order. That was the authority acted upon by the secretary in making the change of beneficiary, and he testified that he knew nothing about her signature.

Finding no reversible error, the case is affirmed.