HUNSUCKER v. MODERN BROTHERHOOD OF AMERICA et al.
(No. 1260.)

(Court of Civil Appeals of Texas. Beaumont. June 4, 1925.)

1. Insurance ⬤⟾784(6) — Beneficiary under prior certificate could not complain of irregularity in issuance of new certificate, where insurance association did not question its validity.

Where insurance association never questioned validity of second certificate of insurance, issued to replace prior one, naming different beneficiary, nor raised any contention that insured had not complied with its by-laws in having change made, beneficiary under prior certificate cannot question regularity of change or cancellation of such prior certificate.

2. Insurance ⬤⟾783—Beneficiary under fraternal benefit insurance certificate has no vested interest, but mere expectancy.

Under Rev. St. art. 4832, a beneficiary named in a fraternal benefit certificate has no vested interest in contract of insurance which will prevent insured from changing beneficiary, but

has only an expectancy, which may be defeated by change of beneficiary when requested by insured.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by the Modern Brotherhood of America, in which James A. Hunsucker and another were interpleaded. From a judgment rendered in favor of Charles A. Hunsucker, James Hunsucker appeals. Affirmed.

Mark Smith, of Waxahachie, for appellant. Clyde F. Winn, of Waxahachie, and Escar Floyd, of Dallas, and Sam Sparrow, of Kansas City, Mo., for appellee.

HIGHTOWER, C. J. This suit was filed by the Modern Brotherhood of America, a fraternal beneficiary society, in which the plaintiff alleged that on March 23, 1918, it issued to one Lizzie Mae Hunsucker a beneficial certificate, by the terms of which it insured the life of Lizzie Mae Hunsucker for $1,000, to be payable upon her death to her father, James A. Hunsucker, and to her brother, Charles A. Hunsucker. It was alleged further that the insured retained the certificate until about July 30, 1920, at which time the certificate was, by the subordinate lodge to which insured belonged, forwarded to the office of plaintiff's supreme secretary at Mason City, Iowa, with the statement from the insured that she surrendered such certificate, and with the demand that a new certificate be issued to her in lieu thereof for $1,000, designating Charles A. Hunsucker, her brother, as sole beneficiary. It was further alleged that, in compliance with such demand by the insured, the plaintiff, on August 5, 1920, canceled the old benefit certificate, and issued to Lizzie Mae Hunsucker, in lieu thereof, another certificate bearing the same number, and for a like amount, payable, in the event of her death, to Charles A. Hunsucker; that insured accepted the new certificate and retained it until her death, which occurred about July 27, 1923. Plaintiff further alleged that Charles A. Hunsucker made proper proof of death and demanded payment to him of $1,000, the full amount of the certificate. It was further alleged that James A. Hunsucker also made proof of death, and had demanded of plaintiff that it pay $500 of the certificate to him; that both Charles A. and James A. Hunsucker had employed counsel to bring suit against the plaintiff for the sums claimed by them respectively; that plaintiff made no claim to the $1,000, or any part of it, but that it was unable to determine whether the certificate should be paid to Charles A. Hunsucker or whether half of it should be paid to James A. Hunsucker; that it should not be compelled to determine the matter for itself, for to do so might involve plaintiff in litigation

between the respective claimants. Plaintiff further alleged "that it is now and has at all times been since the death of Lizzie Mae Hunsucker willing to pay the amount of said certificate to such person or persons as is or are lawfully entitled to receive the same, and to whom it can pay same in safety, and it hereby offers to bring and to pay the same into this court if the court will permit it so to do, or so direct." It was further prayed that James A. and Charles A. Hunsucker, defendants, be required to interplead in the suit, and that it be determined by the court to whom the $1,000 evidenced by the certificate should be paid.

Both James A. and Charles A. Hunsucker answered, James A. claiming that he was entitled to $500 of the amount evidenced by the certificate, alleging in that connection that the first certificate in which he was named as a beneficiary was still, in full force and effect, that the attempted cancellation' of it was without lawful authority, and was in violation of the rules and by-laws of the association. Charles A. Hunsucker claimed, substantially, in his answer, that the first certificate was legally canceled at the request and upon the demand of the insured, Lizzie Mae Hunsucker, and that the second certificate was in full force and effect, and that he was entitled to collect from the association the full amount thereof.

The cause was tried without a jury, and judgment rendered in favor of Charles A. Hunsucker for the full amount of the second certificate, awarding nothing, to James A. Hunsucker, and he alone has prosecuted this appeal, contending that the judgment is without support in the pleadings, as well as in the evidence. It is specifically contended in this connection by appellant that the evidence showed that the original or first certificate had never been changed, according to the law, by-laws, rules, and regulations of the association, and that therefore he was entitled to question the attempted change in the certificate displacing him as one of the beneficiaries.

It will not be necessary to state in detail the trial court's findings of fact and conclusions of law, which were filed at appellant's request. It will suffice to say that the trial court found, among other things, that the second certificate, which displaced James A. Hunsucker as one of the beneficiaries, and provided for payment upon insured's death to Charles A. Hunsucker as the sole beneficiary, was made at the request and demand of Lizzie Mae Hunsucker, the insured. It is true the court found, and the evidence showed, that the correspondence between the insured and the association was conducted by Mrs. Bessie Hunsucker, the wife of Charles A. Hunsucker, but this, as the evidence shows, was done at the request of Lizzie Mae Hunsucker, and Mrs. Bessie Hunsucker was authorized by her to sign her name requesting the association to cancel the original certificate and issue the second, of August 5, 1920, and to name Charles A. Hunsucker as the sole beneficiary therein. Now, it is contended by appellant, in substance, that the fact that this application or demand for change between the original and the second certificate was not signed by Lizzie Mae Hunsucker herself, and in the presence of the secretary of the subordinate lodge, nor attested by the jurat of some person authorized to administer oaths, as provided in the by-laws of the association, that such attempted cancellation by the association of the original certificate was invalid and had no effect to change the first certificate, in which appellant was named as one of the beneficiaries, and that therefore the first certificate and not the second was the only valid existing certificate at the time of the insured's death.

[1, 2] We overrule this contention, and hold, upon what seem to be an unbroken line of authorities in this state, that since it is manifest from the pleadings and the evidence in this record that the association itself has never questioned the validity of the second certificate, nor raised any contention that its by-laws were not complied with by the insured in having the change made, it does not lie in the mouth of appellant, James A. Hunsucker, to question the regularity of the change or cancellation of the first certificate. It seems to be the settled law of this state that a beneficiary named in a fraternal benefit certificate, such as the one here under consideration, has no vested interest in the contract of insurance which will prevent the insured from changing any of the terms of the contract, but has only an expectancy, which may be defeated by a change of beneficiary when requested by the insured. Revised Statutes, art. 4832; Splawn v. Chew, 60 Tex. 532; Bills v. Bills (Tex. Civ. App.) 207 S. W. 614; Jones v. Holmes (Tex. Civ. App.) 195 S. W. 306; Coleman v. Grand Lodge (Tex. Civ. App.) 104 S. W. 909; Byrne v. Casey, 70 Tex. 247, 8 S. W. 38.

No useful purpose would be served by undertaking to discuss the authorities which appellant in this case asserts sustain his contention. They are all clearly distinguishable from the facts in the case at bar. Without mentioning the court's findings of fact in detail, we approve each of such findings, and have concluded that the trial court correctly applied the law. The judgment is thoroughly supported by the pleadings, as well as the evidence, and appellant's contention to the contrary must be overruled.

The judgment of the trial court is affirmed.