**GRAND LODGE, KNIGHTS AND DAUGHTERS OF TABOR, v. VANN.    (No. 8828.)**

(Court of Civil Appeals of Texas.    Galveston.    March 4, 1926.)

**1. Insurance ☞784(5)—Will bequeathing benefits to one other than beneficiary named in certificate, held effective to change beneficiary, notwithstanding by-law requiring surrender of old certificate and issuance of new.**

Will in which insured bequeathed benefits of insurance certificate to beneficiary other than named in certificate *held* effective to change beneficiary, notwithstanding by-laws provided no change should be effective until old certificate had been received and new one issued during insured's lifetime.

**2. Insurance ☞784(6, 7)—By-law requirements as to change of beneficiaries cannot be taken advantage of by others than insurer, but may be waived by insurer.**

Provision of by-law of insurance order relative to method of change of beneficiaries is for the benefit and protection of the company alone, and cannot be taken advantage of by others, though it may be waived by company as it sees fit.

**3. Insurance ☞784(2)—Designation of new beneficiary, prior to insured's death, held not void because insured died prior to insurer's granting application.**

Request for change of beneficiary in substantial accord with certificate was not void because member died prior to granting same by insurance order.

Appeal from Galveston County Court; E. B. Holman, Judge.

Action by Laura Vann against the Grand Lodge, Knights and Daughters of Tabor. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

R. D. Evans, of Waco, for appellant.

GRAVES, J. The appellee, Laura Vann, sued the appellant order upon a policy or certificate of insurance issued by it to her deceased husband, Sam Vann, in which she was named as beneficiary.

The order answered, denying liability upon the certificate, and pleaded that it had already paid the same to those entitled to its benefits; that is, Ola Vann Freeman, sister of the deceased, and one Susie Peachy, whom it claimed Sam Vann had designated as new beneficiaries before his death.

Trial was had before the court below without a jury, the undisputed evidence showing that, while the appellee was designated in the certificate as the beneficiary, some time before his death Sam Vann made a will, which was duly probated as such by the county court of Galveston county, in which he bequeathed the benefits under the certificate here involved, among others, to the persons above named as new beneficiaries, as was alleged by the appellant in its answer; that these new beneficiaries procured a certified copy of the will, and presented it to the order after the death of Sam Vann; and that it treated the instrument as a request for change of beneficiaries, so entered the same upon its books, and made payment of the amount called for in the certificate to Ola Vann Freeman and Susie Peachy.

The by-laws of the order contained a method of changing the beneficiaries, in which it was provided, among other things, that the member desiring to change beneficiaries, and a new certificate accordingly, should pay a certain fee, deliver the old certificate, with the designation of the new beneficiaries therein made, to the order, whereupon a new certificate should issue, etc., also containing this provision:

"That no change in the designation of beneficiaries shall be effective until the old certificate shall have been received by the chief grand scribe and a new one actually issued by him during the lifetime of the member, and until such time the old one shall remain in full force."

Upon this state of facts the trial court held that no change of beneficiaries had been effected at the time of the death of Sam Vann, and gave judgment for the appellee, Laura Vann, his surviving wife, as the legal beneficiary under the certificate in suit. From that judgment the order appeals to this court, contending that a change of beneficiaries had been effected, and that in conse-

quence judgment should have been in its favor.

[1, 2] We sustain appellant's contention, reverse the judgment of the trial court, and here render judgment in its favor.

Our Supreme Court, in the case of Splawn v. Chew, 60 Tex. 532, which holding has been a number of times reaffirmed since that decision, has directly held that such a provision in the by-laws of an insurance company, or other corporation, as the one here involved, is for the benefit and protection of the company alone, can be waived by it as it sees fit, and cannot be taken advantage of by others. In that case, as here, the change in beneficiaries was effected by the will of the insured, and it was held that those so designated took the benefits under the certificate rather than those designated as beneficiaries in the certificate itself.

[3] The trial court's judgment seems to rest upon the conclusion that the change in beneficiaries had not in fact been made during the lifetime of the member, but this precise question, too, had been decided the other way by the Kansas Court of Appeals in Heydorf v. Conrack, reported in 52 P. page 700, 7 Kan. App. 202, under facts not in legal·effect different from those here obtaining; that-is, a member of the order having, during his lifetime, made a request for a change in beneficiaries in substantial accord with the contract between himself and the order in that respect, the designation so made of a new beneficiary was held not void by reason of the member's death prior to the granting of the same by the insurer. To the same effect appears to be the holding in Luhrs v. Luhrs, 25 N. E. 388, 123 N. Y. 367, 9 L. R. A. 534, 20 Am. St. Rep. 754.

Pursuant to these conclusions, as above stated, the judgment will be reversed and this court's judgment will enter, decreeing that the appellee take nothing by her suit herein.

Reversed and rendered.