## RICHARDSON v. FAITHFUL.

(Court of Civil Appeals of Texas. Waco. Jan. 6, 1927.)

1. **Insurance** ⬅➡783—**Beneficiary in fraternal benefit certificate, authorizing change in beneficiary, has no vested interest therein.**

Beneficiary named in fraternal benefit certificate, authorizing change in beneficiary, has no vested interest which will prevent insured from changing any of terms of contract, but has only an expectancy, which may be defeated by change of beneficiary.

2. **Insurance** ⬅➡784(7)—**Insurer may· waive provisions for changing beneficiary.**

Provisions incorporated in insurance policy for changing the beneficiary are for benefit of insurance company alone, and may be waived by it.

3. **Insurance** ⬅➡784(6) — **Original beneficiary could not complain that change in beneficiary was not in accordance with contract, where insurer had waived provisions by conduct.**

Where fraternal benefit association, by depositing money in court, and refusing to raise objection that change in beneficiary not in accordance with provisions incorporated in contract, and by acquiescing in judgment rendered in favor of substituted beneficiary, had waived failure of .insured to comply with such provisions, original beneficiary could not complain thereof.

Error from District Court, Falls County; Prentice Oltorf, Judge.

Suit by Laura Faithful against James Richardson and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Ross Huffmaster, of Kaufman, for plaintiff in error.

Cecil R. Glass, of Marlin, for defendant in error.

STANFORD, J. This suit was filed by defendant in error against plaintiff in error and the Grand Court of Texas, Order of Calanthe, N. A., S. A., E., A., A. and A., a corporation duly organized under the laws of the state of Texas, and doing business in the state of Texas as a fraternal insurance company, to recover of said insurance company $300 on an insurance policy issued by it to

Josie Richardson, in which James Richardson was named as beneficiary, but which was alleged to have been changed by the assured prior to her death by substituting Laura Faithful as beneficiary in lieu of James Richardson. The insurance company filed no answer, but paid the $300 into the registry of the court, to be adjudged by the court to whomsoever the court might find entitled to same. Plaintiff in error, James Richardson, answered by general demurrer, special exceptions, and pleaded specially to the effect that the change in beneficiaries from himself to Laura Faithful was not valid, because not made in accordance with the provisions of the insurance contract. The case was tried before the court without a jury upon an agreed statement of facts, and judgment rendered for Laura Faithful for said $300, and directing the clerk of the court to pay same to her. The insurance company has not appealed. James Richardson alone has appealed, and assigns error to the action of the court upon the ground that the change of beneficiaries was not made as provided in the insurance contract.

The agreed statement of facts shows that said insurance order is a fraternal mutual benefit association; that its supreme governing body is the Grand Court, and that it has subordinate courts in Kaufman, Marlin, and various other towns in Texas; that said association issues fraternal life insurance policies to its members, and levies assessments on members to pay the amounts due on policies in the event of the death of a member; that the policy involved in this case was issued by Perfect Court No. 193, Kaufman, Tex., on August 5, 1920, to Josie Richardson, and her husband, James Richardson, was named as beneficiary; that the said Josie Richardson kept all dues and assessments paid up until her death on October 31, 1924.

Section No. 2 of article 111 of the by-laws of said insurance order authorizes each member in making application for a policy to designate his or her beneficiary, "and to change the same at any time by the following method:

"Said member so desiring to change his beneficiary shall make known to the registrar of the deeds of his court, stating changes wanted. The same shall be presented to the local court to which said member belongs, and, if found to be made in good faith, and expresses the real desire of the member, the same shall be ratified by the local court and sent to the secretary of the endowment department, accompanied by affidavits and twenty-five cents to pay for the new policy; said secretary-treasurer of the endowment board shall issue a policy bearing the name of the new beneficiary in lieu of one formerly held."

Section No. 5(a), article 111, provides:

"The payment of death benefits shall be confined to wife, husband, relatives by blood to the fourth degree, * * * provided, that if after the issuance of the original policy the member shall become dependent upon the charity of an individual or an institution, with the consent of the court and the laws of Texas, shall govern the policy of the member, to make such court or individual his beneficiary."

The agreed statement shows further that Josie Richardson and husband, James Richardson, lived at Kaufman, Tex.; that Laura Faithful was a niece of Josie Richardson, and lived in Marlin, Tex.; that at the time of the death of the said Josie Richardson, and for three weeks prior thereto, Josie Richardson was in the home of her niece, Laura Faithful, and was penniless, and wholly dependent upon the charity of Laura Faithful; and that said Laura Faithful for three weeks preceding the death of Josie Richardson nursed her during her illness, and furnished her medical attention, food and clothing for her, in her own home in Marlin, Tex., the said Josie Richardson being unable at said time to furnish said things for herself; that during the three weeks of her serious illness her husband, James Richardson, at Kaufman was notified several times that his wife was sick and needed attention, but he ignored said notices; that on October 30, 1924, the day before her death, Josie executed an instrument in writing, duly signed and acknowledged by her, also witnessed by two witnesses, properly addressed to said insurance company, clearly directing that the beneficiary in said policy be changed from James Richardson to Laura Faithful. On the same day the said Josie Richardson signed and swore to an instrument in writing, which is also signed by two witnesses. In this instrument she also expresses the desire to make Laura Faithful beneficiary in said policy in lieu of James Richardson, reciting in said instrument:

"That at the present time I am sick, and have been for several weeks; that my husband, James Richardson, who knows I am ill, has failed and refused to provide medical attention and care for me, though able to do so; that my niece, Laura Faithful, has during my illness, provided clothing and medical attention for me," etc.

On the same day Josie Richardson made a will, which was in due form, properly executed and witnessed, in which she bequeathed to her niece, Laura Faithful, all money that shall become due upon the insurance policy involved herein. The secretary of the local court at Kaufman, of which Josie was a member, was notified of the various instruments executed by her changing her beneficiary, before her death, and made no objection.

[1-3] It seems to be the settled law in this state that a beneficiary named in a fraternal benefit certificate, where the insurance contract authorizes a change in the beneficiary, as here, has no vested interest in the con-

tract of insurance which will prevent the insured from changing any of the terms of the contract, but has only an expectancy, which may be defeated by a change of beneficiary. It is also well settled in this state that the provisions incorporated in the insurance contract for changing the beneficiary are for the benefit of the insurance company alone, and may be waived by such insurance company, and the original beneficiary, having no vested right in the policy, and not being a party to the contract, will not be heard to contend that the change in the beneficiary was not made in accordance with the provisions contained in the insurance contract. In this case the insurance order has made no objection to the manner of changing the beneficiary, but has, by its depositing the money in court, by its refusal to raise any such question, by its acquiescence in the judgment rendered and its failure to appeal, waived any failure, if any, on the part of the assured to comply strictly with the provisions of the insurance contract in making said change of beneficiaries, and James Richardson, the original beneficiary, has no right to complain. Splawn v. Chew, 60 Tex. 533; Coleman v. Grand Lodge (Tex. Civ. App.) 104 S. W. 909; Bills v. Bills (Tex. Civ. App.) 207 S. W. 614; Hunsucker v. Modern B. of A. (Tex. Civ. App.) 273 S. W. 1020; Grand Lodge, etc., v. Vann (Tex. Civ. App.) 282 S. W. 265; Fuos v. Dietrich (Tex. Civ. App.) 101 S. W. 291.

We overrule all of appellant's assignments, and affirm the judgment of the trial court.