## DAVIS v. SUPREME LODGE K. P. INS. DEPARTMENT.

### No. 9420.

Court of Civil Appeals of Texas. Galveston.
March 7, 1930.

Rehearing Denied July 10, 1930.

Second Motion for Rehearing Denied
Oct. 2, 1930.

Clarence A. Miller, of Houston, for appellant.

Vinson, Elkins, Sweeton & Weems, and Fred R. Switzer, all of Houston, for appellee.

GRAVES, J.

This statement, with only such deletions as embrace controverted matters and such interpolations as undisputedly appear, is taken from appellant's brief:

"This was an action brought November 17, 1927, by E. C. Davis (Elmo C. Davis), appellant, against the Supreme Lodge Knights of Pythias, Insurance Department, appellee, to recover an indebtedness due him as the only child and sole heir of S. R. Davis (Sextus R. Davis) under a policy of insurance or benefit certificate issued by appellee upon the life of S. R. Davis.

"The case was tried before a jury and on May 9, 1929, after the evidence had been submitted by the plaintiff and defendant, and both had rested, the court, at the request of defendant, instructed the jury to bring in a verdict in favor of the defendant, which it did.

"Judgment was entered on said verdict and the plaintiff appeals; the undisputed testimony shows the following:

"Sextus R. Davis was born on January 16, 1867, in Thomasville, Ga. He was engaged in railroad work for some time prior to 1895 and such work kept him out on the road a good deal.

"On May 8, 1895, Sextus R. Davis was united in marriage to Mrs. C. E. Barnes in Houston, Texas. He had been working for various railroads for at least four or five years prior to that date and in the course of such employment had lived in Houston, Rockport, Yoakum, and other places. He worked at various times for the S. A. & A. P. Railroad, the I. & N. G., and the Katy. Mrs. Barnes is the person referred to in pleadings and testimony as 'Bessie' or 'Elizabeth.'

"Sextus R. Davis was divorced from Bessie or Elizabeth and later married Mrs. Rena Shively, from whom he was divorced on October 2, 1915.

"Sextus R. Davis afterwards married 'Evelyn Fitch,' from whom he was divorced on April 2, 1923. He did not marry again after such divorce.

"October 7, 1904, Sextus R. Davis and Elizabeth Davis legally adopted Elmo Conaway, who is plaintiff in this suit. In the adoption papers he was described as the minor son of Lora Conaway, a resident of McLennan County, Texas, and his age given as 'about three months.' The adoption papers were in proper form, properly acknowledged and recorded.

"June 2, 1910, Sextus R. Davis signed and made application for insurance or benefit certificate in sum of $2,000.00 to the Board of Control Knights of Pythias, Supreme Lodge, defendant, asking that same be made payable to Elmo C. Davis, adopted son.

"June 6, 1910, Fifth Class certificate No.

282,148 was issued by defendant society on life of Sextus R. Davis for sum of $2,000.00 and in favor of Elmo C. Davis, his adopted son.

"December 5, 1918, a change of beneficiary certificate, with same number, 282,148, was issued for same amount and in favor of Evelyn Davis, his wife. On the back of said certificate appears the signature of Evelyn Davis to the blank form of receipt, dated Houston, Texas, without date, and witnessed by John H. Bormer, Supt.

"April 16, 1924, Sextus R. Davis signed an application addressed to the Board of Control of the defendant asking that the beneficiary be changed, that a new certificate be issued in place of the old one, and that the new one be issued in favor of Henry E. Davis, his brother, as new beneficiary.

"April 21, 1924, Ollie T. Wauson, secretary of Section 3593, of which Sextus R. Davis was a member, sent such application to the Board of Control with a letter saying:

" 'I am writing you in regard to the policy of Bro. Sextus R. Davis. Bro. Davis is divorced from his wife. And his policy is made payable to her; he wants to change the beneficiary, but she has his policy and refuses to deliver it to him. Am enclosing application for change of beneficiary signed by Bro. Davis.'

"Adding that Sextus R. Davis would like to know if he could get a cash settlement, that he needed the money to have his teeth fixed, etc.

"The application and letter were received by the Insurance Department, Knights of Pythias Cashier, on April 24, 1924. This letter was answered by Cert. Dept. April 25, 192–.

"Section 547 and 548 of chapter X of the Constitution and Statutes of defendant society set forth the procedure to be followed by insured and the society in making a change of beneficiary and specifically state that certain requirements must be complied with by insured in case he is unable to surrender his old certificate when making an application for a change of beneficiary.

"During the latter part of August, 1918, plaintiff E. C. Davis ran away from the home of Sextus R. Davis, who was then living with his wife Evelyn, in Houston, Harris County, Texas.

"About April 8, 1925, Sextus R. Davis died in Houston, Harris County, Texas.

"August 28, 1925, Henry E. Davis, being the same person referred to in application for change of beneficiary of April 18, 1924, a brother of Sextus R. Davis, joined by another brother and a sister of Sextus R. Davis and himself and the two children of a deceased sister, filed suit No. 119,491 against this same defendant in the district court of Harris County, Texas, for the amount due under said policy or benefit certificate No. 282,148 dated December 5, 1918, alleging the same was due them as the sole and only heirs at law of Sextus R. Davis, and alleging that the latter had left surviving him no wife or child nor descendants of any children, and no father and mother; that Sextus R. Davis had died intestate; also that proof of death had been submitted, that the certificate was in full force and effect at the date of death of Sextus R. Davis, and asked that payment of the $2000.00 be made to them.

"September 28, 1925, this defendant, Supreme Lodge Knights of Pythias Insurance Department, filed its original answer and interpleader in suit No. 119,491, admitting its liability under the said certificate No. 282,-148 of December 5, 1918, stating moreover that Evelyn Davis, divorced wife of Sextus R. Davis, was claiming the proceeds of said certificate and that it did not know whether same should be paid by it to the plaintiffs in suit No. 119,491 or to said Evelyn Davis, and interpleaded the said Evelyn Davis, and paid the sum of $2,000.00, amount of the benefit certificate or policy of insurance, into the registry of the court.

"November 9, 1925, physician's proof of death of Sextus R. Davis was received by the Insurance Department, Knights of Pythias, in Indianapolis, Indiana.

"November 17, 1925, Evelyn Davis, divorced wife of Sextus R. Davis, was designated in the certificate of December 5, 1918, as beneficiary, filed in said suit No. 119,491 a disclaimer of any and all right and interest in the proceeds of the insurance policy described in the original petition filed in suit No. 119,-491, by the plaintiffs therein.

"November 18, 1925, in the 11th Judicial District Court of Harris County, Texas, judgment was rendered in the said suit No. 119,-491, wherein H. E. Davis, and his brother and sister, were each decreed one-fourth of the proceeds of said policy of insurance or benefit certificate No. 282,148, and one-fourth was decreed to the children of a deceased sister; also decreed that Evelyn Davis take nothing, and adjudging costs and attorneys' fees in said suit.

"Briefly stated, the disputed questions of fact are as follows:

"1. The actual relationship of plaintiff, E. C. Davis, to Sextus R. Davis. This naturally includes the questions as to matrimonial relationship, if any, which existed between Sextus R. Davis and Lora Conaway, the mother of plaintiff, and whether such relationship, if any, was terminated by death or otherwise prior to the death of Sextus R. Davis.

"2. The question as to whether or not H. E. Davis, the brother of Sextus R. Davis, had been accepted by defendant as beneficiary before the death of Sextus R. Davis in ac-

cordance with the provisions of its constitution and by-laws."

In brief substance, appellant alleged that he was the only child and sole heir of Sextus R. Davis, whether by nature or legal adoption, that as such he was entitled to the whole proceeds of the policy in suit, Evelyn Davis, the designated beneficiary in the certificate of December 5 of 1918, having been divorced from his father in 1923, thereby becoming ineligible to longer be a beneficiary under the appellee's constitution, and neither his father's subsequent application to have H. E. Davis designated as beneficiary nor any other change in beneficiaries ever having been accepted by appellee's board of control; that he was not a party to suit No. 119,491, through which the amount of this policy had been so paid into and disposed of by the Eleventh district court on December, 1925, did not know of the same until just before filing his suit herein, hence was not bound thereby; that the appellee was a fraternal beneficiary society, whose board of control had full charge of its insurance department, etc.

The appellee's answer consisted of demurrers, denials, pleas that it was an insurance corporation duly organized, that no proof of death of the insured had been filed in appellant's behalf as required by its by-laws nor until over two years after the insured's death, that it had on December 5, 1918, at insured's request, designated his then wife, Evelyn Davis, as his beneficiary, and had further through its board of control accepted his subsequent application of April 18, 1924, to change his beneficiary from Evelyn Davis to H. E. Davis, who then became and was thereafter entitled to the proceeds of such insurance; that at the time of his death Sextus R. Davis left surviving him as blood kin only the parties who were awarded the judgment for the money it so deposited in cause No. 119,491 in the Eleventh district court, and that such judgment fully discharged it of all liability by reason of having issued the policy declared on herein to Sextus R. Davis, etc.

▮ We pretermit a discussion of the other questions presented in the briefs of the parties, because we think the evidence required a finding by the trial court that a change in beneficiaries to the insured's brother, H. E. Davis, had been effected before the former's death, and that ended the case.

The undisputed proof showed: The issuance of the certificate under the policy on December 5, 1918, in which the insured's wife at that time, Evelyn Davis, was designated as beneficiary; that the two were divorced in 1923, which disqualified her under a provision of the appellee's constitution from thereafter being a beneficiary; that thereafter, being desirous of changing his beneficiary to his brother, H. E. Davis, the insured, on the

16th day of April, 1924, duly executed and attested, as required by the appellee's by-laws, a form provided by it for such a change, wherein he designated such brother as his new beneficiary, and forwarded the same to the appellee, which it duly received on April 24, 1924, and not only then retained for more than eleven months before the insured died on the 8th day of April, 1925, without any objection to its sufficiency, but also gave written notice of the acceptance of the change on April 25th of 1925 through its general secretary in charge of the records of its insurance department. These facts established that the requested change in beneficiaries had occurred. Grand Lodge, Knights and Daughters of Tabor v. Vann (Tex. Civ. App.) 282 S. W. 265; Hunsucker v. Modern Brotherhood of America (Tex. Civ. App.) 273 S. W. 1020; Sarver v. Vaughn (Tex. Civ. App.) 261 S. W. 193; Richardson v. Faithful (Tex. Civ. App.) 289 S. W. 1054; Price v. Supreme Home of Ancient Order of Pilgrims (Tex. Com. App.) 285 S. W. 310; Splawn v. Chew, 60 Tex. 534; Coleman v. Grand Lodge (Tex. Civ. App.) 104 S. W. 909.

In the stated circumstances otherwise admittedly appearing, this would have been the legal effect of the principles applied in the cited authorities, even without uncontroverted testimony of appellee's officer that its board of control did in fact accept Davis' application of April 18, 1924, for the change of beneficiary to his brother, H. E. Davis, since they hold such provisions of an insurer's by-laws or constitution as that here obtaining, that "no change will be valid until application therefor upon this form is accepted by the Board of Control," are directory only, for the benefit of the insurer, and where, as in this instance, it not only does not claim the privilege of a strict requirement, but retains the application as if entirely satisfactory for over eleven months before the applicant's death, and then relies on it in a court suit on the policy by the insured's alleged heirs as having been valid, no one else can complain.

For another reason, too, we conclude the peremptory instruction was properly given—the judgment in prior suit No. 119,491 discharged the appellee of all liability on account of the policy again sued upon herein; that suit was brought after his death in 1925 by those claiming to be the only blood kin and heirs at law of the insured; the appellee, admitting its liability, set up the then existing status of and facts attending the policy, that is, that it was outstanding under an admittedly valid certificate of date December 5, 1918, changing the beneficiary from the appellant here to Evelyn Davis, then wife of the insured, which certificate was in her hands at the time of the insured's death on April 8, 1925, and, by interpleader, vouched Evelyn Davis into the suit, at the same time paying the full amount of the policy into court, de-

claring it knew of no other claimants than the litigating parties, and asking an acquittance for itself; that was accorded in the court's judgment after a trial on the facts, Evelyn Davis having filed a disclaimer to any interest under the certificate she so held, doubtless due to the fact that she had been divorced from the insured in 1923. Appellant here admitted that he had never given appellee any notice of his claim until October of 1927.

All parties to whom the appellee could then have owed any obligation under the policy were before that court, appellant himself having completely disappeared from the picture on December 5th of 1918, practically seven years before, when the insured had, in concededly full compliance with all requirements, substituted for him as beneficiary his existing wife, Evelyn Davis; in such conditions the insurer had a right at that time. to pay the amount either under the outstanding beneficiary certificate, or under the insurer's properly executed subsequent application for a further change to his brother, and having left to the court, without itself claiming any individual benefit it might have required, the apportionment and distribution among such parties of all it ever agreed to pay anybody, it should be held to have been thereby discharged. Gibson v. National Life & Accident Ins. Co. (Tex. Civ. App.) 294 S. W. 923; Pacific Mutual Ins. Co. v. Williams, 79 Tex. 633, 637, 15 S. W. 478; Cheeves v. Anders, 87 Tex. 287, 292, 28 S. W. 274, 47 Am. St. Rep. 107.

Further discussion is deemed unnecessary, as these conclusions determine the merits of the appeal. The trial court's judgment has been affirmed.

Affirmed.